### YUE HUA LIN, Guo Xing Zhang, Petitioners,

v.

### Alberto R. GONZALES,[1] Respondent.

### No. 04–3995–AG.

United States Court of Appeals, Second Circuit.

Feb. 23, 2006.

Karen Jaffe, New York, New York, for Petitioners.

---

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General, John Ashcroft, as respondent in this case.

Margaret M. Chiara, United States Attorney, Western District of Michigan, Donald Daniels, Assistant United States Attorney, Grand Rapids, Michigan, for Respondent.

PRESENT: Hon. AMALYA L. KEARSE, Hon. JOŚE A. CABRANES, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 23rd day of February, Two thousand and six.

UPON DUE CONSIDERATION of this petition for review of an order of the Board of Immigration Appeals ("BIA"), it is ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Yue Hua Lin ("Lin") and Guo Xing Zhang ("Zhang") petition for review of a July 2004 final order of removal of the Board of Immigration Appeals affirming the decision of an immigration judge ("IJ") and denying their consolidated application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions—or, more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir.2004).

■ First, the IJ reasonably concluded that Lin had either fabricated the "certificate" confirming her abortion, or had had a voluntary abortion, given the statements in the United States Department of State's Profile of Asylum Claims and Country Conditions for the People's Republic of China that the U.S. Embassy was unaware of such certificates except to the extent that they confirmed voluntary abortions and that documents concerning birth control regulations were frequently fabricated. The IJ also did not abuse its discretion in relying on discrepancies between Lin's and Zhang's testimony concerning the events leading up to the abortion, including the manner in which Lin learned she was pregnant for the third time, the visit to their home by family planning officials on the day of her abortion, and the reason for the visit. Moreover, the IJ reasonably found Lin and Zhang not to be credible based on inconsistencies within their respective testimonies concerning Lin's third pregnancy and the day of her abortion. Because the IJ's adverse credibility finding was based on specific examples of inherently improbable testimony and "contradictory evidence," *see Xu Duan Dong v. Ashcroft,* 406 F.3d 110, 111 (2d Cir.2005) (*per curiam*), that went to the heart of Lin and Zhang's claim of persecution for violating China's family planning policies, the IJ's decision was based on substantial evidence.

■ Inasmuch as Lin and Zhang, based on lack of credibility, have not satisfied the standard for granting asylum, they cannot meet the higher standard for

granting withholding of removal. *See Ramsameachire,* 357 F.3d at 178. Further, Lin and Zhang failed to establish that it was more likely than not that they would be tortured if returned to China, and, therefore, their CAT claims fail as well. 8 C.F.R. § 208.16(c)(2); *see also Jin Chen v. U.S. Dep't of Justice,* 426 F.3d 104, 116 (2d Cir.2005).

For the foregoing reasons, the petitioners' petition is DENIED. Our review having been completed, petitioners' pending motion for a stay of removal is DENIED as moot. Any pending request for oral argument in this proceeding is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).